## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## NORTHERN  DIVISION
## at ASHLAND

**Civil Action No. 08-101-HRW**

**PHILLIP L. THOMPSON**,                                    **PLAINTIFF,**

**v.**            **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE**
**COMMISSIONER OF SOCIAL SECURITY,**            **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits.  The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for  supplemental security income benefits on May 30, 2006, alleging disability beginning on January 15, 2006, due to herniated lumbar discus, bilateral knee pain and hypertension (Tr. 13, 96).  This application  was denied initially on September 26, 2006 and on reconsideration on

November 29, 2006 (Tr. 55-56).

On December 12, 2007, an administrative hearing was conducted by Administrative Law Judge Andrew Chwalibog (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 27-49).  At the hearing, Dwight McMillion, a vocational expert (hereinafter "VE"), also testified (Tr. 49-53).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1:  If the claimant is performing substantial gainful work, he is not disabled.

Step 2:  If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3:  If the claimant is not performing substantial gainful work and has a severe  impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On March 5, 2008, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 11-22).  Plaintiff was 34 years old at the time of the hearing decision (Tr. 13).  He has a school education (Tr. 13).  His past relevant work experience consists of work as a laborer and security guard (Tr. 13).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 30, 2006 (Tr. 13).

The ALJ then determined, at Step 2, that Plaintiff suffered from degenerative disc disease of the lumbar and thoracic spine areas and degenerative joint disease of the bilateral knees (status/post right medial meniscectomy times two)which he found to be "severe" within the meaning of the Regulations (Tr. 13-15).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 15).  In doing so, the ALJ specifically considered listings 1.00 and 11.00 (Tr. 15).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 21) but determined that he  has the  residual functional capacity ("RFC") to perform a range of light work activity, with certain restrictions as set firth in the hearing decision (Tr. 15-21).

 The ALJ finally concluded that these jobs exist in significant numbers in the

national and regional economies, as identified by the VE (Tr. 21-22).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on July 16, 2008 (Tr. 1-5).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision.  Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

### III.  ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.  "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm.  *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence,

nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiff argues that the ALJ erred by not deferring to the opinions of two treating physicians, Lee Balaklaw, M.D. and Kevin Bayes, D.O.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a  claimant's  impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2).  The Court is mindful of the fact that the Commissioner is not bound by a  treating physician's opinion.  Such opinions receive great weight only if they are supported by sufficient medical data.  *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)(citations omitted).

Dr. Balaklaw completed two medical source assessments in November of 2007, in which he opined that Plaintiff was, essentially, precluded from work activity [Tr. 169, 336-337].   The assessments appear to based almost entirely upon

5

Plaintiff's own report of his symptoms, rather than any diagnostic testing.   As such, they are not entitled to deference.

In addition, Dr. Balaklaw's opinion is inconsistent with the findings of consultative examiner Jules Barefoot, M.D. [Tr. 263-267].  Dr. Barefoot examined Plaintiff on December 20, 2006 and found only moderate impairment in Plaintiff's ability to perform work activity involving bending, squatting, crawling and climbing [Tr. 266].  This opinion was based upon Plaintiff's range of motion in extremities and joints and motor strength in his upper and lower extremities.

Dr. Barefoot's assessment is consistent with that of a non-examining state agency physician, David Swan, M.D., who opined that Plaintiff could perform a range of light work (Tr. 313-320).

Given the lack of supporting objective and clinical data and its inconsistency with the other credible medical evidence of record, the Court finds no error in the ALJ's rejection of Dr. Balaklaw's opinion of disabling impairment.

With regard to Dr. Bayes, the records shows that he did not have an ongoing treating relationship with Plaintiff.  Rather, it appears that Dr. Bayes saw the Plaintiff on only one occasion prior to completing his evaluation and thus cannot be considered as "treating" sources.  *See Atterberry v. Secretary of Health and Human Services*, 871 F.2d 567, 572 (6th Cir. 1989).  Therefore, his opinion is not

entitled to greater weight pursuant to 20 C.F.R. § 404. 1527(d)(2).

Further, his November 4, 2006 [Tr. 305-310] assessment appears to be based almost entirely upon Plaintiff's subjective complaints as opposed to objective medical data.  Moreover, his opinion of extreme disabling impairment is inconsistent with the other credible evidence of record.  As such, the Court finds no error in the ALJ's rejection of Dr. Bayes' opinion.

### III.  CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This July 27, 2009.

Signed By:

_Henry R Wilhoit Jr._

**United States District Judge**